IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SOUTHERN ELECTRICAL RETIREMENT FUND,<br><br>Plaintiff,<br><br>v.<br><br>CONSOLIDATED NUCLEAR SECURITY, LLC,<br><br>Defendant. | Case No. _____ |

# COMPLAINT

The Board of Trustees of the Southern Electrical Retirement Fund ("Plaintiff" or "Board"), complaining of Consolidated Nuclear Security, LLC ("Defendant") for violating its obligations under the Employee Retirement Income Security Act ("ERISA"), alleges as follows:

1. Plaintiff brings this action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), against Defendant for failing to comply with its reporting and contribution requirements to the Southern Electrical Retirement Fund ("Fund"), in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

2. Plaintiff is a multi-employer, jointly-administered pension plan as defined by ERISA, 29 U.S.C. § 1002(1) and (2) and LMRA, 29 U.S.C. §186(c)(5). The Fund is a legal entity that is empowered to sue and be sued. 29 U.S.C. § 1132(d)(1). Plaintiff is administered by third-party administrator Southern Benefit Administrators, Inc. in Goodlettsville, Tennessee.

3. Upon information and belief, Defendant is a Delaware limited liability company headquartered in Oak Ridge, Tennessee. Defendant manages and operates the Y-12 National

Security Complex, a production facility in the National Nuclear Security Administration's Nuclear Security Enterprise.

4. Jurisdiction is proper based on Sections 502(e), (f) of ERISA, 29 U.S.C. § 1132(e), (f).

5. Venue is proper based on Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as Plaintiff is administered in this district and Defendant does business in this district.

6. The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements ("CBA") with participating employee organizations. All principal and income from such contributions and investments is held and used for the exclusive purpose of providing benefits to participants and beneficiaries of the Plaintiff Fund after the payment of administrative and other reasonable expenses.

7. Defendant is an employer and a party in interest as those terms are defined in ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(c), as well as a fiduciary of the Fund for certain purposes within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §§ 1002(21).

8. Defendant is, and at all times relevant was, a party to a CBA with International Brotherhood of Electrical Workers Local Union No. 270 ("Union"). Pursuant to the CBA, Defendant was obligated to make periodic reports to and pay certain contributions to the Fund on behalf of covered employees.

9. As a contributing Employer, Defendant is bound by the provisions of the Trust Agreement which created the Fund and other governing Fund documents.

10. The Fund operates on the basis of an employer self-reporting payment system whereby participating employers such as Defendant identify those employees for whom

contributions are owed and identify the hours worked by the covered employees. Based on that work history, the employers submit reports and make payments to the Fund.

11. Pursuant to Section 209 of ERISA, 29 U.S.C. § 1059, signatory employers like Defendant also have a duty to maintain detailed records regarding the hours worked by its employees for whom contributions have been and/or are required to be paid into the Fund.

12. The Fund undertakes periodic, random payroll audits of a sampling of employers to ensure accurate self-reporting whereby selected Employers must submit to an audit of their books and records to determine the accuracy of self-reporting. If an audit discloses a discrepancy, Defendant will be obligated to pay for the cost of the audit.

13. The Board contracts with an independent auditor to perform payroll audits. The Fund auditor randomly selected Defendant as one of the Employers subject to audit and contacted Defendant on multiple occasions in beginning in March 2019 through the present to obtain the information needed to conduct the audit.

14. Pursuant to the CBA, the Trust Agreement and the governing procedures of the Fund, Defendant is required, *inter alia*, to permit and cooperate with the Fund in conducting audits of Defendant's books and payroll records, and to furnish to the Fund such information, books, records and reports as are required to complete said audit and thereby ensure compliance with Defendant's obligations to the Fund under the terms of the CBA and Trust Agreement.

15. Despite due demand by the Board, Defendant has failed and refused to permit and cooperate in conducting an audit of Defendant's books and records by the Fund, and/or has failed and refused to furnish to the Fund's auditor required information, books, records and reports to complete said audit.

16. Accordingly, pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), and in accordance with the CBA and the Trust Agreement, Plaintiff is entitled to a affirmative relief compelling Defendant to permit and cooperate in conducting an audit of Defendant's books and records by the Fund, and to produce to the Fund's auditors all books, records and reports as may be required to conduct a payroll audit, and/or to allow the Fund's auditors access to Defendant's premises to examine said books, records and reports as may be required to conduct the audit. Plaintiff is additionally entitled to an award of its costs in pursuing this action, including but not limited its audit fees, costs of litigation, and reasonable attorneys' fees incurred, as provided by the CBA, the Trust Agreement and Section 502 of ERISA.

17. Upon completion of the audit of the Employer, the Board will amend this complaint to allege any delinquent contributions the auditors find, or other amounts to which the Fund is entitled.

WHEREFORE, Plaintiff requests the following relief:

(a) Injunctive relief, pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), requiring Defendant to submit its books and records for the audit period to the Fund's auditors;

(b) Judgment in favor of Plaintiff and against Defendant in the amount of any contributions found due in the audit, together with interest, liquidated damages, audit costs, attorney's fees, and costs of suit, as required by governing Fund documents and Section 502(g)(2), 29 U.S.C. § 1132(g)(2). Plaintiff further requests that this Court retain jurisdiction over the parties and this dispute for purposes entering a money judgment for any amounts shown by the audit that Defendant owes.

(c) Attorney's fees and costs, as required by governing Fund documents and Section 502(g)(2), 29 U.S.C. § 1132(g)(2); and

(d) For such further or different legal or equitable relief as the Court may deem proper or just.

Respectfully submitted,

 /s/ *R. Jan Jennings*
R. Jan Jennings, BPR No. 1536
Karla M. Campbell, BPR No. 27132
Branstetter, Stranch & Jennings, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Ste. 200
Nashville, TN 37203
Tel.: (615) 254-8801
Email: janj@bsjfirm.com
 karlac@bsjfirm.com